IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BELINDA M. BROOKS,

                Plaintiff,                Case No. 3:11 CV 1455

-vs-

                                            <u>MEMORANDUM OPINION</u>

LEHMAN BROTHERS BANK etc., et al.,

                Defendant.

KATZ, J.

Plaintiff Belinda Brooks filed suit against Defendants Lehman Brothers Bank, Mortgage Electronic Registration Systems, Inc., ("MERS"), and Aurora Loan Services, LLC, ("Aurora") (collectively, "Defendants"), seeking a declaratory judgment effectively holding that MERS and Aurora are not the true parties in interest to Brooks' promissory note and mortgage, and that Aurora is therefore unable to foreclose on Brooks' property. The matter is currently before the Court on Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss, (Doc. 11), Brooks' motion to strike certain legal conclusions, (Doc. 16), and Brooks' motion to take judicial notice. (Doc. 17).

For the reasons that follow, this Court declines to exercise jurisdiction over Brooks' declaratory judgment action and hereby dismisses the suit. Accordingly, Defendants' motion to dismiss, and Brooks' motions to strike and to take judicial notice are all denied as moot.

**I. Background**

On October 30, 2007, Brooks borrowed $156,700.00 and executed a note in favor of Lehman Brothers Bank. The note was secured by a mortgage executed in favor of MERS, and the mortgage read in pertinent part: "MERS is a separate corporation that is acting solely as nominee for Lender [(Lehman Brother's Bank)] and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." (Doc. 1-1 at ¶23). Brooks' Loan was subsequently

securitized, and a number of transfers of interest were made with ownership of the loan eventually resting with Structured Asset Securities Corporation Mortgage Loan Trust 2007-BC4, represented by U.S. Bank National Association as Trustee. Additionally, MERS assigned Brooks' mortgage to Aurora on June 22, 2010.

On June 17, 2010, Aurora filed a foreclosure action against Brooks ("Wood County case") in the Wood County, Ohio Court of Common Pleas ("Wood County Court"). *See Aurora Loan Servs. v. Brooks*, No. 2010-cv-0583 (Wood County, Ohio filed June 17, 2010). Brooks answered Aurora's complaint and counterclaim on August 18, 2010, and filed an amended answer and counterclaim on June 9, 2011, asserting claims for fraud, libel, and breach of fiduciary duty. Brooks' amended answer and counterclaim did not raise any claims or defenses related to Aurora's standing to foreclose.

On June 10, 2011, Brooks filed the instant declaratory judgment action in Wood County Court. *See Brooks v. Lehman Brothers Bank*, No. 2011-cv-0498 (Wood County, Ohio filed June 10, 2011); (Doc. 1-1). Brooks' request for declaratory relief reads as follows:

**Prayer for Relief**

    1. Plaintiff respectfully asks this court to issue a declaratory judgment pursuant to Ohio R.C. § 5301.39, finding that the interest of [MERS] is of no legal force, and to order the County Recorder to expunge this Assignment from records relating to this property in their office.
    2. This Court's declaratory judgment should further stipulate that [Aurora] possesses no ownership interest in [Brooks'] Note and Mortgage, and that [Aurora] shall be barred from exercising powers exclusively conveyed to the Lender and the Lender's successor in interest, unless and until [Aurora] can produce a writing acknowledged by a majority of the mortgage-backed Certificateholders owning the majority interest in [Brooks'] Note and Mortgage, specifically delegating their authority to [Aurora].
    3. The Court's declaratory judgment should further declare that all future recordings against Plaintiff's title relating to this Note and Mortgage shall originate from the true party in interest, namely these Certificateholders owning a majority

>interest of said Note or their acknowledged agent. Finally, Certificateholders must be identified by name, and not by the Depository Trust pseudonym *Cede & Co.*, followed by an algorithm . . . .

(Doc. 1-1). Invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendants removed Brooks' lawsuit to this Court on July 15, 2011. Defendants subsequently filed the instant FED. R. CIV. P. 12(b)(6) motion to dismiss for failure to state a claim on August 15, 2011, which was followed by Brooks' motions to strike and to take judicial notice.

On November 14, 2011, Defendants filed with this Court a notice of an intervening decision ("Wood County decision") that was issued in the Wood County case. (Doc. 25). It seems that on August 11, 2011,[1] Brooks filed a motion to dismiss Aurora's foreclosure complaint, asserting that the Wood County Court lacked subject matter jurisdiction because "[Aurora] is not the real party in interest and therefore lacks standing to bring this foreclosure action." (Doc. 25-1 at 4). On November 4, 2011, the Wood County Court denied Brooks' motion to dismiss by issuing the decision that Defendants noticed to this Court. Specifically, the Wood County Court held that "[Brooks'] challenge to [Aurora's] standing or 'real party in interest' defense, not timely asserted, was waived." (Doc. 25-1 at 5). Additionally, after conducting a detailed analysis of the complex state law issues underlying Brooks' argument that Aurora lacks standing to foreclose–an argument that bears striking resemblance to that offered by Brooks to support her declaratory judgment claims in this case–the Wood County Court held that "[i]n the alternative, even if this

---

[1] Pursuant to FED. R. EVID. 201, the Court hereby takes judicial notice of the docket in the Wood County case. *Aurora Loan Servs. v. Brooks*, No. 2010-cv-0583 (Wood County, Ohio filed June 17, 2010), *available at* https://pub.clerkofcourt.co.wood.oh.us/pa/pages/CRTVCaseSummary.jsp?case_id=85890940 &xsl=.

Court were to find that Brooks timely raised her lack of standing claim, her Motion to Dismiss would still be denied because Aurora Loan possesses standing to file this suit." *Id*.

## II. Discussion

The Supreme Court has held that pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

> [a] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). In *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323 (6th Cir. 1984), the Sixth Circuit established five factors to guide a district court in exercising its discretion under the Declaratory Judgment Act:

> (1) whether the declaratory action would settle the controversy;
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for *res judicata*;"
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (citing *Grand Trunk*, 746 F.2d at 326). Upon consideration of each of the *Grand Trunk* factors, this Court declines to entertain Brooks' lawsuit.

At the outset, the Court notes that Brooks' declaratory judgment action was initially filed in an Ohio court and sought declaratory relief pursuant to Ohio law. Despite this, the question of whether to exercise federal jurisdiction is a procedural question of federal law under *Erie v. Tompkins*, 304 U.S. 64 (1938). Therefore, the discretion conferred by the Declaratory Judgment

4

Act is operable even where declaratory relief is requested pursuant to state law. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996) (where request for state law declaratory judgment removed based on diversity, "whether to exercise federal jurisdiction to resolve the controversy became a procedural question of federal law."); *see also Leasing One Corp. v. Fid. & Deposit Co. of Maryland*, 2011 U.S. Dist. LEXIS 95683, at *3-*5 (E.D. Ky. Aug. 25, 2011) ("The Court Has Discretion Whether to Exercise Jurisdiction Over Removed Actions."); *Bland v. Southline Steel Indus.*, 2008 U.S. Dist. LEXIS 101855, at *5 n.1 (W.D. Ky. Dec. 15, 2008) (declaratory judgment acts are procedural rules under *Erie* doctrine); *National Union Fire Ins. Co. v. Rodriguez*, 2004 U.S. Dist. LEXIS 29203, at *30-*32 (E.D. Mich. Feb. 12, 2004) (Declaratory Judgment Act's discretion applies in cases removed from state court). Further, the Court notes that neither of the parties in this action raised the Court's discretion as an issue. Nevertheless, the Court finds that it may *sua sponte* exercise its discretion. *See Allstate Ins. Co. v. Green*, 849 F.2d 1472, 1988 U.S. App. LEXIS 8826, at *2-*3 (6th Cir. 1988) (affirming discretionary decision not to hear declaratory judgment case when issue of discretion was first raised by district court *sua sponte*); *see also Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1221 (9th Cir. 1998) ("If, however, the court does raise the issue *sua sponte*, or is asked to decline to entertain the action by a party, then it must explain the basis for its decision on the record.").

      Turning to the five *Grand Trunk* factors, the first two factors weigh against entertaining the suit. *See Scottsdale*, 513 F.3d at 557 (citation omitted) (first and second *Grand Trunk* Factors closely related and often considered together). In her "Statement of Issues," Brooks' response to Defendant's motion to dismiss asserts that "[t]he primary issues to be determined are: (1) Who is the beneficial owner [or owners] of Plaintiff's Note and Mortgage. (2) Who is the real party in

5

interest with the right to enforce Plaintiff's Note and Mortgage." (Doc. 15 at vii). Further, Brooks' "Summary of Arguments Presented" contends, "the purpose for this law suit is to seek declaratory relief as to the true beneficial owner . . . ." *Id*. at viii. Thus, Brooks' requested declaratory relief would neither settle the controversy nor fully clarify the legal relations at issue. Under her theory of the case, the true parties in interest to the note and mortgage–i.e., the only parties who may foreclose–remain an unspecified number of investors who hold an ownership interest as a result of the note's securitization. These investors would not be identified by the requested declaratory relief.

The third factor weighs in favor of entertaining the suit, though not without question. Brooks filed this declaratory judgment action in Wood County Court, so it cannot be said that she is attempting to secure a favorable federal court ruling in lieu of what may result at the state level. Notably, however, in attempting to answer Defendants' criticism that Brooks filed the instant action separate and apart from the already pending foreclosure proceeding, Brooks claims that "[i]t was fully expected that the [Wood County Court] would join this action to [Aurora's] Foreclosure and consider them together." (Doc. 15 at 26). Brooks also highlights that she eventually did raise the issues *sub judice* with the Wood County Court via an August 11, 2011 motion to dismiss that case.[2] Notwithstanding Brooks' explanation, the reasons for proceeding as she did remain unclear. Even so, the Sixth Circuit is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Scottsdale*, 513 F.3d at 558. Seeing none, the Court finds that the third factor favors hearing the suit.

---

[2] Brooks' August 11, 2011 motion to dismiss yielded the above-described Wood County decision, which determined that Aurora does in fact have standing to foreclose. (Doc. 25-1).

6

> Three sub-factors guide consideration of the fourth *Grand Trunk* factor:
>
> (1) whether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale*, 513 F.3d at 560. Upon consideration of each of the sub-factors, the fourth factor weighs against entertaining the suit. First, resolution of Brooks' declaratory judgment action may require factual findings that conflict with the Wood County Court's well-reasoned determination that Aurora has standing to foreclose. *See id*. (citing *Travelers Indem. Co. v. Bowling Green Prof'l Assocs.*, 495 F.3d 266, 272 (6th Cir. 2007)) (under first sub-factor, exercise of jurisdiction inappropriate where factual findings in federal court may conflict with factual findings in state court). Second, the same issues presented to this Court were considered by the Wood County Court via Brooks' motion to dismiss in that case. *See Scottsdale*, 513 F.3d at 546 (second sub-factor favors hearing case "when the state law is clear and when the state court is not considering the issues."). Third, determination of the true parties in interest to a note and mortgage that were the subject of numerous transfers necessarily implicates important state policy. *See id*. at 561 ("[Third] sub-factor focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court.").

The fifth factor weighs against hearing the suit. Here, alternative state court remedies were available. Notwithstanding the fact that Defendants' removal of the instant action to this Court negated a state court declaratory judgment *independent* of Aurora's foreclosure, Brooks apparently intended the issues *sub judice* to be determined as a part of Aurora's foreclosure action.

(Doc. 15 at 26) ("[i]t was fully expected that the [Wood County Court] would join this action to [Aurora's] Foreclosure and consider them together."). Indeed, Brooks ultimately raised these issues with, and secured a determination by, the Wood County Court. (Doc. 25-1).

Upon consideration of the five *Grand Trunk* factors, and "[i]n light of the 'unique and substantial' discretion which the Declaratory Judgment Act confers on district courts," *Scottsdale*, 513 F.3d at 563 (citing *Wilton*, 515 U.S. at 286), this Court declines to exercise its jurisdiction over Brooks' declaratory judgment action.

## III. Conclusion

For the reasons stated herein, this Court declines to exercise jurisdiction over Brooks' declaratory judgment action and hereby dismisses the suit. Defendants' motion to dismiss, and Brooks' motions to strike and to take judicial notice are denied as moot.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE